UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dina S.,

      Plaintiff(s),

v.

Frank Bisignano,

      Defendant(s).

Case No. 2:22-cv-01631-NJK

ORDER

[Docket No. 22]

Pending before the Court is Plaintiff's counsel's motion seeking $35,000 in fees pursuant to 42 U.S.C. § 406(b). Docket No. 22. The Commissioner filed a response. Docket No. 24.

"[T]he district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *see also, e.g.*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"). Courts must reduce attorney's fees when they would result in a windfall. *See, e.g.*, *Shuffield v. Colvin*, 2014 WL 2041935, at *1-2 (D. Nev. May 15, 2014) (rejecting motion for fees with effective hourly rate of $1,486.09 and, instead, awarding fees at an hourly rate of $900).

In this case, Plaintiff's counsel seeks fees that would result in an effective hourly rate of $1,767.67, *see* Docket No. 22 at 7, but the motion does not cite to any case law from this District awarding an hourly rate even approaching that number. The closest the motion comes is a citation to *Schultz v. Berryhill*, in which an hourly rate of $1,395 was found to be reasonable. 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021). Moreover, judges in this District have observed with some regularity that effective hourly rates at or below the *Schultz* rate are at the very highest end of reasonableness. *See Bridget C. v. Kijakazi*, 2025 WL 3227467, at *2 (D. Nev. Nov. 17, 2025)

1

(explaining that an effective hourly rate of $1,338.15 "is certainly on the higher end"); *Carroll v. Kijakazi*, 2023 WL 11911797, at *2 (D. Nev. Sept. 21, 2023) (explaining that an effective hourly rate of $1,193.38 is "on the higher end"); *Joyce R. v. Kijakazi*, 2023 WL 4532829, at *2 (D. Nev. July 12, 2023) (explaining that an effective hourly rate of $1,400 is "on the higher end"); *Briggs v. Saul*, 2022 WL 16636957, at *1 (D. Nev. Nov. 2, 2022) (explaining that an effective hourly rate of $1,066.66 was "high as an hourly rate"); *Douzat v. Kijakazi*, 2021 WL 9316346, at *2 (D. Nev. Aug. 24, 2021) (explaining that an effective hourly rate of $1,103.45 is "at the upper end of the range"); *but see Maria M. v. Kijakazi*, 2026 WL 266892, at *2 (D. Nev. Jan. 30, 2026) (awarding fees with an effective hourly rate of $1,800).

The Court does not herein resolve the counsel's motion for attorney's fees. The Court issues this order to give counsel an opportunity to consider the above case law and decide if counsel wishes to proceed with resolution of the motion practice as is or if counsel wishes to seek a reduced fee amount. No later than February 20, 2026, Plaintiff's counsel must file either (1) a notice of seeking a lower fee award or (2) a notice that counsel wishes to proceed with resolution of the motion as already filed.[1]

IT IS SO ORDERED

Dated: February 6, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court is <u>not</u> inviting further argument on the pending motion. If counsel continues to seek resolution of the motion under the latter option, the notice so indicating must not include further argument.