**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Dina S., | Case No. 2:22-cv-01631-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 22] |
| Frank Bisignano, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's counsel Marc Kalagian's[1] motion for $35,000 in fees pursuant to 42 U.S.C. § 406(b). Docket No. 22. Plaintiff did not respond to the motion. The Commissioner filed a response taking no position. Docket No. 24. Attorney Kalagian filed a supplemental notice in response to the Court's earlier order. Docket No. 27; *see also* Docket No. 26. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the motion for fees.

**I.   BACKGROUND**

On October 29, 2020, Plaintiff filed suit seeking review of the Commissioner's denial of social security benefits. *Dina S. v. Saul*, Case No. 2:20-cv-01998-BNW, Docket No. 1-1 (D. Nev. Oct. 29, 2020). Attorney Kalagian filed a motion for reversal or remand, supported by five pages of points and authorities raising a single argument that the ALJ erred by failing to resolve a conflict with the Dictionary of Occupational Titles. *See id.*, Docket No. 20 at 3-7 (D. Nev. May 3, 2021). The argument section spans one and a half pages. *See id.* at 6-7. Before filing a responsive brief, the Commissioner agreed to a remand and the stipulation for that relief was granted. *See id.*, Docket No. 22 (D. Nev. May 21, 2021). Attorney Kalagian was awarded $3,300 in fees pursuant to the Equal Access to Justice Act (EAJA). *See id.*, Docket No. 26 (D. Nev. July 2, 2021).

---

[1] Plaintiff's counsel is the real party in interest as to this motion.

On September 26, 2022, Plaintiff filed this case seeking review of the Commissioner's denial of benefits on remand. Docket No. 1. Before filing an opening brief, the Commissioner agreed to another remand and the stipulation for that relief was granted. *See* Docket No. 18. Attorney Kalagian was awarded $1,300 in fees pursuant to the EAJA. Docket No. 21.

On the second remand, the ALJ issued a favorable decision, Docket No. 22-2, and Plaintiff was awarded past benefits in the amount of $163,119, Docket No. 22-3. Now before the Court is Attorney Kalagian's motion seeking an award of attorney's fees in the amount of $35,000. Docket No. 22.

**II.    STANDARDS**

"When a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 46 U.S.C. § 406(b)(1)(A).

In assessing a fee request made pursuant to § 406(b), courts must first determine whether a fee agreement has been executed between the plaintiff and her attorney. *See, e.g., Garcia v. Astrue*, 500 F.Supp.2d 1239, 1242 (C.D. Cal. 2007). Courts must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, courts have an "affirmative duty" to ensure that the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).[2] Courts must be mindful that the question is whether the amount under the agreement should be reduced, not whether the lodestar should be enhanced. *Id.* "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case."

---

[2] Fees awarded pursuant to § 406(b) are borne by the disabled claimant, not by the Commissioner. *Crawford*, 586 F.3d at 1147. Courts have this duty to ensure reasonableness because the Commissioner has no direct stake in the amount of the award that goes to counsel or to the disabled claimant. *Id.* at 1149. Given that the claimant has been adjudged disabled and must resort to the social safety net, courts look carefully at § 406(b) fee requests to ensure reasonableness. *See Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011).

*Id.* at 1148 (internal quotation and citation omitted).  Judicial review of the amount of fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.

In light of their independent duty, courts reduce § 406(b) attorney's fees when they would result in a windfall.  *See Biggerstaff v. Saul*, 840 Fed. Appx. 69, 70-71 (9th Cir. 2020) (affirming reduction in § 406(b) fee award); *see also, e.g.*, *Splond v. Colvin*, Case No. 2:13-cv-00805-MMD-PAL, 2015 WL 3864612, at *2 (D. Nev. June 19, 2015) (reducing § 406(b) fee request); *Shuffield v. Colvin*, Case No. 2:12-cv-00243-KJD-PAL, 2014 WL 2041935, at *1-2 (D. Nev. May 15, 2014) (same).  Judges at the district court level "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."  *Gisbrecht*, 535 U.S. at 808.

"The attorney bears the burden of establishing that the fee sought is reasonable."  *Crawford*, 586 F.3d at 1148.

## III.    ANALYSIS

The Court begins its analysis with the fee agreement.  The law firm affiliated with Attorney Kalagian is representing Plaintiff based on a contingency fee agreement executed on October 5, 2020.  Docket No. 22-1.  By the terms of that agreement, Plaintiff agreed to a fee award of 25% of past due benefits awarded for work performed in court.  *Id.*  In seeking an award of attorney's fees in the amount of $35,000, Attorney Kalagian seeks fees less than the 25% amount established in the contingency agreement.  *See* Docket No. 22 at 6 ("Kalagian seeks a fee of 23% of the past due benefits paid or payable" to Plaintiff).[3]

Having recognized the contingency agreement in this case, the Court turns to whether the fee amount should be reduced.  *See Crawford*, 586 F.3d at 1149.  The Court finds at the outset that there is no evidence of substandard representation and that good results were obtained for Plaintiff.  The Court also finds no evidence of dilatory conduct by counsel.  The question turns to whether the benefits are large in comparison to the amount of time counsel spent on the cases rendering

---

[3] By the Court's math, Plaintiff's counsel may be slightly off as to the percentage of past benefits that are being sought in fees, but the outcome would be the same regardless.

them unreasonable. Attorney Kalagian is seeking $35,000 in fees based on the expenditure of 19.8 hours in obtaining stipulated remands in this case and the earlier related case. *See* Docket No. 22-4. Hence, Attorney Kalagian is seeking to recover fees at an effective hourly rate of $1,768.

The award sought is not reasonable, amounts to a windfall, and should be reduced. In reaching that conclusion, the Court considers "the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1153. Attorney Kalagian does not contend that the court matters involved complex or risky issues.[4] The very short motion filed in the earlier case raised a single DOT argument that was not complex. *See Dina S. v. Saul*, Case No. 2:20-cv-01998-BNW, Docket No. 20 (D. Nev. May 3, 2021). The lack of any briefing on the merits in this case render it impossible to ascertain the specific issues involved, *cf. Drake v. Comm'r of Soc. Sec. Admin.*, Case No. CV-23-08094-PCT-JAT, 2026 WL 352898, at *2 (D. Ariz. Feb. 9, 2026), but the lack of complexity and the low risk in taking Plaintiff's cases is evidenced by the Commissioner's concessions of error and stipulations to remand. "If the Commissioner conceded error at all, one could infer it must not have been a particularly difficult case in the first place and that an experienced Social Security attorney could recognize that it was a less risky case before accepting representation." *Lane v. Saul*, 831 Fed. Appx. 845, 847 (9th Cir. 2020); *see also, e.g.*, *Robles v. Berryhill*, Case No. 5:16-cv-02318-GJS, 2019 WL 1581411, at *3 (C.D. Cal. Jan. 16, 2019), *aff'd*, 831 Fed. Appx. 272 (9th Cir. 2020). In short, Attorney Kalagian does not show that these matters were complex or risky.

The fees being sought are also large in comparison to the amount of time counsel spent on the case. Courts look much more favorably to awarding fees with high effective hourly rates when counsel voluntarily trimmed the § 406(b) fee request to well below the maximum 25%. *See Crawford*, 586 F.3d at 1151-52 (in finding attorneys met their burden of demonstrating reasonableness, emphasizing that "counsel voluntarily reduced those fees substantially from the

---

[4] Attorney Kalagian discusses risk in taking social security cases on contingency in generalized terms, *see, e.g.*, Docket No. 22 at 13-14, but the Ninth Circuit directs courts to consider the "risk involved in the *specific case at issue*," *Crawford*, 586 F.3d at 1153 (emphasis added); *accord, e.g.*, *Mansfield v. Comm'r of Soc. Sec. Admin.*, 509 Fed. Appx. 643 (9th Cir. 2013) ("courts should assess the complexity and risk involved in the specific case at issue, rather than social security cases in general, when analyzing the reasonableness of the requested fees").

allowable 25%"); *see also, e.g.*, *Baugh v. Astrue*, Case No. 3:08-cv-01237-HU, 2011 WL 4738196, at *7 (D. Or. Sept. 12, 2011), *adopted*, 2011 WL 4738272 (D. Or. Oct. 5, 2011). That is particularly true in the context of cases involving stipulated remands, in which courts frequently balk at attorney requests to be awarded § 406(b) fees at or near the 25% maximum. *See Lane*, 831 Fed. Appx. at 846 (affirming reduction of fee award to 10% of past-due benefits); *see also, e.g.*, *Worden v. Kijakazi*, Case No. 5:20-cv-01874-KES, 2022 WL 2132949, at *3 (C.D. Cal. Mar. 31, 2022) (reducing fee award to 15% of past-due benefits); *Caldwell v. Comm'r of Soc. Sec.*, Case No. 3:10-cv-06039-ST, 2012 WL 1684606, at *2-3 (D. Or. May 14, 2012) (in case involving stipulated remand after opening brief was filed, finding voluntary 2% reduction to be "insufficient in light of the number of hours worked and the substantial amount of retroactive benefits" and reducing the fee request to 14% of past-due benefits). For example, United States District Judge Miranda M. Du found a request for a 25% fee recovery to be excessive in a case involving limited hours initiating the federal lawsuit and obtaining a stipulated remand, concluding that a recovery amounting to 15% would be reasonable. *Splond*, 2015 WL 3864612, at *2.[5] Given the limited work done by counsel and the near 25% recovery that Attorney Kalagian seeks with an award of $35,000 for 19.8 hours of work, the fees being sought are very large in comparison to the time spent in federal court.

That the fees being sought are excessive is confirmed by the weight of the case law in this District. *See Biggerstaff*, 840 Fed. Appx. at 70 (affirming district court's reliance on fees awarded in other cases as an aid in assessing reasonableness). Social security attorneys in this District routinely seek significantly less than the 25% maximum resulting in an effective hourly rate below what counsel seeks here. *See, e.g.*, *Dillon v. Saul*, Case No. 3:20-cv-00294-CLB, 2022 WL 181221, at *2 (D. Nev. Jan. 18, 2022) (awarding the § 406(b) fees requested that equaled 14.4%

---

[5] In that case, counsel had sought $10,971.25 as 25% of the past due benefits, but Judge Du reduced that amount to $6,582.75 (i.e., to 15% of the past due benefits).

of the benefit awarded and amounted to an effective hourly rate of $506).[6]  Indeed, § 406(b) fee awards in this District have almost always resulted in an effective hourly rate far below what Attorney Kalagian seeks in this case and numerous judges have observed that effective hourly rates less than the rate sought here are at the high end of the reasonableness spectrum.  *See Bridget C. v. Kijakazi*, Case No. 2:22-cv-01978-BNW, 2025 WL 3227467, at *2 (D. Nev. Nov. 17, 2025) (Weksler, J.) (explaining that an effective hourly rate of $1,338.15 "is certainly on the higher end"); *Carroll v. Kijakazi*, Case No. 2:20-cv-01953-DJA, 2023 WL 11911797, at *2 (D. Nev. Sept. 21, 2023) (Albregts, J.) (explaining that an effective hourly rate of $1,193.38 is "on the higher end"); *Joyce R. v. Kijakazi*, Case No. 2:21-cv-01296-VCF, 2023 WL 4532829, at *2 (D. Nev. July 12, 2023) (Ferenbach, J.) (explaining that an effective hourly rate of $1,400 is "on the higher end"); *Briggs v. Saul*, Case No. 2:19-cv-01094-APG-NJK, 2022 WL 16636957, at *1 (D. Nev. Nov. 2, 2022) (Gordon, J.) (explaining that an effective hourly rate of $1,066.66 was "high as an hourly rate"); *Douzat*, 2021 WL 9316346, at *2 (Koppe, J.) (explaining that an effective hourly rate of $1,103.45 is "at the upper end of the range"); *see also Splond*, 2015 WL 3864612, at *2 (Du, J.) (rejecting motion for fees with effective hourly rate of $795 and, instead, awarding fees resulting in an effective hourly rate of $477);[7] *Shuffield*, 2014 WL 2041935, at *1-2 (Dawson, J.) (rejecting motion for fees with effective hourly rate of $1,486.09 and, instead, awarding fees resulting in an effective hourly rate of $900).  Hence, the great weight of authority from this District suggests that the requested fee here resulting in an effective hourly rate of $1,768 is not reasonable.

The motion does not grapple with this case law, instead relying almost exclusively on decisions from other jurisdictions on the issue of an effective hourly rate.  *See* Docket No. 22 at 8-9.  Of course, the case law from this District is the best comparator in assessing reasonableness of

---

[6] The undersigned routinely grants § 406(b) fee requests that seek a reasonable recovery. *See, e.g.*, *Franchia v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-01244-NJK, 2022 WL 10638087, at *2 (D. Nev. Oct. 17, 2022); *Douzat v. Kijakazi*, Case No. 2:17-cv-01740-NJK, 2021 WL 9316346, at *2 (D. Nev. Aug. 24, 2021); *Kocan v. Colvin*, Case No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *adopted*, 2016 WL 884886 (D. Nev. Mar. 7, 2016).

[7] The *Splond* decision does not specifically identify the effective hourly rate, but such information can be gleaned from the finding of 13.8 hours worked in the court case, the fee award sought in the amount of $10,971.25, and the fee award granted in the amount of $6,582.75.

an effective hourly rate, *see Goucher v. Colvin*, Case No. 14-cv-03009-EMC, 2017 WL 3421845, at *3 (N.D. Cal. Aug. 9, 2017) (discounting persuasive value of cited decisions that were not from the Northern District of California); *see also, e.g.*, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("judges can certainly consider the fees awarded by other judges in the same locality in similar cases"), and the Court need not consult decisions from sister districts in assessing the reasonableness of an effective hourly rate given the robust body of case law from this District on this issue.[8]

Attorney Kalagian's motion also references a fee award from this District that resulted in an effective hourly rate of $1,395.  *See Schultz v. Berryhill*, Case No. 2:19-cv-00096-BNW, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021).  Plaintiff's counsel explains that inflation calculations would show that *Schultz* could be read as awarding fees with an effective hourly rate in today's dollars that is in the ballpark of the pending request.  *See* Docket No. 22 at 9-10 (contending that inflation calculations would make the effective hourly rate in *Schultz* equivalent to $1,742 today).  Context matters in this analysis and simply pointing to a fee award in another case with an equal or higher effective hourly rate does not necessarily translate to the reasonableness of the requested award.  *See Goucher*, 2017 WL 3421845, at *3 & n.3 (finding § 406(b) fees sought to be unreasonable despite counsel's identification of other cases with same or higher effective hourly rate).[9]  That is true here as to Attorney Kalagian's reliance on *Schultz*, which involved a (1)

---

[8] The Court is also not persuaded by Attorney Kalagian's reliance on consumer law rates in southern California, as well as matrices with rates for attorneys in Washington, D.C.  *See* Docket No. 22 at 7-8.  No explanation is advanced as to why hourly rates from other jurisdictions would support the fees requested from this Court in Nevada.  *Cf. Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (affirming district court's refusal to apply the *Laffey* matrix; "just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away").  Moreover, the hourly rates identified in that data are dwarfed by the hourly rate being sought here, so this data appears to weaken the argument that the fees requested are reasonable even accounting for the contingency nature of the work performed here.  *See Biggerstaff*, 840 Fed. Appx. at 70-71.

[9] Courts also look to the caselaw as a whole in judging reasonableness, so counsel identifying an outlier decision or two does not render it improper for a court to reduce fees to a reasonable amount.  *See Biggerstaff*, 840 Fed. Appx. at 70 (noting that other decisions on the whole supported a reduction, despite one case awarding a similar fee); *see also, e.g.*, *Leslie L. L. v. Kijakazi*, Case No. CV 20-1038-E, 2022 WL 17184598, at *5 (C.D. Cal. Oct. 6, 2022) (explaining that certain fee decisions were not controlling and not persuasive, and thus did not support a finding that the fee requested was reasonable).

disputed social security appeal (not one resolved by stipulation) in which (2) counsel voluntarily reduced the fees sought substantially below the 25% maximum. *See* 2021 WL 1381128, at *1, *2.[10] These are significant distinguishing circumstances that Attorney Kalagian does not address. Even assuming the accuracy of Attorney Kalagian's inflation adjustments to the effective hourly rate awarded in *Schultz*, that decision does not support the fee award sought in this case given the divergent circumstances. *See, e.g.*, *Goucher*, 2017 WL 3421845, at *3 & n.3.[11]

For the reasons discussed above, Attorney Kalagian has not met his burden of establishing that the fee sought in this case is reasonable. Given the non-complex issues, the low risk to counsel, and the limited time invested in this case, the $35,000 in fees sought are not reasonable.[12] Such a request is approaching the 25% maximum recovery and, with the 19.8 hours of work identified, would result in an excessive effective hourly rate $1,768. In balancing the risk assumed by counsel and the primacy of the contingency agreement with the duty to prevent windfalls, the circumstances of this case render it reasonable and fair to provide counsel fees based on an effective hourly rate of $1,200. This amount of fees does not result in a windfall, while still preserving the benefit of the contingency fee agreement and accounting for the risk of non-payment in representing Plaintiff in this court. The 19.8 hours of attorney time documented and effectively hourly rate of $1,200 equates to a fee award of $23,760, which is 14.6% of the past benefits awarded.

---

[10] Counsel in *Schultz* sought $18,000 in § 403(b) fees despite a recovery of $134,072 in past-due benefits, which would be 13.4%.

[11] Plaintiff's counsel also relies in a supplement on a recent decision awarding § 406(b) fees with an effective hourly rate of $1,800. *See* Docket No. 27 (citing *Maria M. v. Kijakazi*, Case No. 2:21-cv-01771-MDC, 2026 WL 266892, at *2 (D. Nev. Jan. 30, 2026)). That case is distinguishable given that counsel voluntarily trimmed the fee request to reflect only 13.6% of the past due benefits. *Maria M.*, 2026 WL 266892, at 2.

[12] Attorney Kalagian references that he has exercised billing discretion to limit the aggregate of all fees (including for work performed before the agency) to 25% of past due benefits. Docket No. 22 at 8. Such representation addresses issues that are not before the Court and does not render reasonable the excessive fees currently being requested from the Court. *See, e.g.*, *Howell v. Comm'r of Soc. Sec.*, Case No. 1:19-cv-01704-EPG, 2024 WL 689539, at *3 (E.D. Cal. Feb. 20, 2024).

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Attorney Kalagian's motion for §406(b) fees.  A fee award in the amount of $23,760 is to be paid to the Law Offices of Lawrence D. Rohlfing, Inc.  The Rohlfing firm must refund the EAJA fees of $4,600.

IT IS SO ORDERED

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge